**DATE: MARCH 13, 2017**
**TIME: 10:45 A.M.**

Thomas W. Bauer, Esq.
Attorney for Debtor
42 Catharine Street
The Carriage House
Poughkeepsie, NY  12601
(845) 452-5076
Thomas W. Bauer, Esq.  (TB8601)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re


       **Daniel Henke,**
       **Aka Daniel H. Henke,**
       **Fdba Henke Cycle Repair,**          Chapter 7


           Debtor(s).          Case No.  17-35238 (CGM)
------------------------------------------------------------------x


### NOTICE OF PRESENTMENT OF DEBTOR(S)'S MOTION
### TO AVOID JUDICIAL LIENS PURSUANT TO 11 U.S.C. §522(f)

**S I R S :**

**PLEASE TAKE NOTICE** that the undersigned, being the attorney for the above

referenced debtor, will move the above-named Court located at 355 Main Street, Poughkeepsie,

New York, 12601, on March 13, 2017 at 10:45 a.m., pursuant to Bankruptcy Rule 9014, for an

Order:

(a)     pursuant to 11 U.S.C**.** § 522(f) voiding the following judgment lien held against the

debtor's real property located at FD 241 Joel Austin Road, Cairo, NY  12413:

         (i)     Dominick Cannavo in the amount of $293,230.64;

(b)     for such other and further relief as to the Court may seem just and proper.

PURSUANT TO BANKRUPTCY RULE 9014 AND LOCAL BANKRUPTCY

RULE 9006-1, IF YOU INTEND TO OPPOSE THE MOTION, YOU MUST SERVE ON THE

DEBTOR'S COUNSEL AND FILE WITH THE CLERK OF THE BANKRUPTCY COURT,

WRITTEN OPPOSITION TO THE MOTION NOT LATER THAN SEVEN (7) BUSINESS

DAYS PRIOR TO THE RETURN DATE OF THIS MOTION.  IN THE EVENT NO WRITTEN

OPPOSITION IS SERVED AND FILED, NO HEARING ON THE MOTION WILL BE HELD

BEFORE THE COURT ON THE RETURN DATE, AND THE COURT WILL CONSIDER THE

MOTION AS UNOPPOSED.


Dated:      February 21, 2017
            Poughkeepsie, New York            /s/ Thomas W. Bauer
                                              Thomas W. Bauer, Esq.
                                              Attorney for Debtor
                                              42 Catharine Street
                                              The Carriage House
                                              Poughkeepsie, NY  12601
                                              (845) 452-5076
                                              Thomas W. Bauer, Esq.  (TB8601)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re


      **Daniel Henke,**
      **Aka Daniel H. Henke,**
      **Fdba Henke Cycle Repair,**              Chapter 7


              Debtor(s).             Case No.  17-35238  (CGM)
-------------------------------------------------------------------x


### AFFIRMATION IN SUPPORT OF MOTION TO AVOID LIENS
### PURSUANT TO 11 U.S.C. § 522(f)

Thomas W. Bauer, Esq. an attorney duly admitted to practice before this Court, upon

information and belief, affirms as follows:

1.  This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1334(b)

and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated

January 31, 2012.  This matter is a core proceeding as provided by 28 U.S.C. § 157(b)(2)

2.  The debtor filed with this Court on February 17, 2017, a voluntary petition for relief

under Chapter 7 of the Bankruptcy Code.

3.  The debtor owns real property located at FD 241 Joel Austin Road, Cairo, NY  12413,

having a tax map designation of 192400 118.00-1-12, and it is his primary residence.

4.  On or about February 14, 2017, Dominick P. Genovese of Accredited Appraisal

Services, located at 698 Doman Road, Freehold, NY  12431, performed an Appraisal on the

debtor's real property and determined it to have a value of $20,500.00.  Annexed hereto as Exhibit

"A" is a copy of said Appraisal.

**AVOIDANCE OF LIENS PURSUANT TO § 522(f)**

5.   The debtor's property is subject to the following mortgages, judicial liens and/or nonpossessory, nonpurchase-money security interests:

  a.   Judgment was obtained against the debtor on February 7, 2017 by Dominick Cannavo and filed as Instrument No. J2017-438 in the Greene County Clerk's Office.  The amount of said judgment as of the petition date is $293,230.64.  See Exhibit "B;"

6.   The debtor is entitled to an exemption in the property in the amount of $82,775.00 pursuant to Civil Practice Law and Rules §5206 and Debtor and Creditor Law Article 10 A.

7.   11 U.S.C. §522(f)(1) provides that " Notwithstanding any waiver of exemptions, but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the creditor would have been entitled under subsection (b) of this section, if such lien is -- (A) a judicial lien."  Further, 11 U.S.C. § 522(f) of the Bankruptcy Code provides that "a lien shall be considered to impair an exemption to the extent that the sum of-- (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value of the debtor's interest in the property would have in the absence of any liens."  11 U.S.C. § 522(f)(2)(B) provides that "[i]n the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens."

8.   Furthermore, not only may a debtor employ the statute to avoid a judgment for the purpose of protecting actual exempt equity in the real property, a debtor may even employ this section to avoid a judicial lien in the situation where no equity exists. 140 Cong. Rec. H. 10,764 (daily ed. October 4, 1994), Floor Statement of Rep. Brooks regarding Title I, Section 303 of Pub.

2

L. 103-394 (the "Bankruptcy Reform Act of 1994"); H.J. Sommer, et al., *Consumer Bankruptcy Law and Practice* (National Consumer Law Center 5th ed. 1996 and Supp. 1999), citing In re Higgins, 201 B.R. 965 (B.A.P. 9th Cir. 1996); In re McQueen, 196 B.R. 31 (E.D.N.C. 1995); In re Thomsen, 181 B.R. 1013 (B.Ct. M.D. Ga. 1995). Therefore, in the situation where the calculation results in zero exemptible equity, the lien may be avoided in its entirety.

### Dominick Cannavo LIEN ($293,230.64) IS AVOIDABLE

9.      Following the formula set forth in 11 U.S.C § 522(f)(2) for determining whether a lien impairs an exemption in the instant case results in the following calculation:

- The market value of the debtor's property upon which the judicial lien is sought to be avoided…………………………………………………...$  20,500.00

- Less the amount of all liens (the mortgages) not to be avoided (N/A) ………..……….… …………………………………………………… <$       0.00>

- Debtors' equity. …………………………………………………………… $  20,500.00

- Deduct the debtors' allowable exemptions …………………………….. <$ 82,775.00>

- Avoid all judicial liens to the extent same exceeds the positive figure…..... $       0.00

10.     Since the extent of the impairment of the exemption exceeds the entire value of the Dominick Cannavo lien in the amount of $293,230.64, the entire lien is avoidable and any timely claim filed should be treated as wholly unsecured.

11.     The Debtor respectfully requests that this Court waive the requirement of a memorandum of law contained in LBR 9013-1(b) because this Motion does not raise any novel issues of law and the authorities relied upon are cited herein.

3

WHEREFORE, the undersigned respectfully requests that the Court enter an Order pursuant to 11 U.S.C. §522(f) voiding the judgment lien held by Dominick Cannavo against the debtor's real property located at FD 241 Joel Austin Road, Cairo, NY  12413, having a tax map designation of 192400 118.00-1-12, and that the debtor be granted such other and further relief as to the Court may seem just and proper.

Dated: February 21, 2017
      Poughkeepsie, New York

                                                   /s/ Thomas W. Bauer
                                              Thomas W. Bauer, Esq.
                                              Attorney for Debtor
                                              42 Catharine Street
                                              The Carriage House
                                              Poughkeepsie, NY  12601
                                              (845) 452-5076

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re


       **Daniel Henke,**
       **Aka Daniel H. Henke,**
       **Fdba Henke Cycle Repair,**              Chapter 7



                    Debtor(s).            Case No.  17-35238 (CGM)
-------------------------------------------------------------------x

## ORDER AVOIDING JUDICIAL LIENS

Upon the Notice of Motion and Motion of Daniel Henke, the debtor, by his attorney Thomas

W. Bauer, for an order determining that the lien held by Dominick Cannavo (with any subsequent

successor or assign, "Creditor") on the Debtor(s)'s primary residence, located at FD 241 Joel Austin

Road, Cairo, NY  12413, having a tax map designation of 192400 118.00-1-12 (the "Property"), is

avoided under 11 U.S.C. § 522(f)(1); and there being no opposition to the requested relief, and after

due deliberation, it appearing that the extent of the impairment of the debtor(s)'s exemption exceeds

the entire value of the Creditor's lien making the entire lien avoidable; and good and sufficient

cause appearing, pursuant to 11 U.S.C. §522(f)(1), it is hereby:

      **ORDERED**, that

1.     The Motion is granted;

2.     The below listed judicial liens under the debtor(s)'s name on the debtor(s)'s

Property are hereby avoided, to wit:

          i.     The Judgment held by Dominick Cannavo ("Creditor") in the amount of

                $293,230.64, entered against the debtor(s) on February 7, 2017 as Instrument

                No. J2017-438 and filed in the Greene County Clerk's Office; and

5

3.      The Clerk of the County of Greene, New York shall mark on its records that the

Creditor's lien on the Property appearing as Instrument No. J2017-438 is void pursuant to

Bankruptcy Court Order; <u>provided</u>, that the debtor may in the alternative record a copy of this Order

with the Clerk of the County of Greene, New York to provide such notice.


Dated: Poughkeepsie, New York
       March    ,2017


                        _____
                        CHIEF U.S. BANKRUPTCY COURT JUDGE