# GENOVA & MALIN

ATTORNEYS AT LAW
HAMPTON BUSINESS CENTER
1136 ROUTE 9

WAPPINGERS FALLS, NY 12590

TEL. (845) 298-1600
FAX (845) 298-1265
E Mail: genmallaw@optonline.net

ANDREA B. MALIN
MICHELLE L. TRIER
—
ÉRINA FITZGERALD

OF COUNSEL
THOMAS GENOVA

LEGAL ASSISTANT
ANTHONY J. MALIN x 203

TRUSTEE CASE MANAGER
DANIELLE A. RICE x 205

November 7, 2017

Murphy & Lambiase
Attorneys at Law
26 Scotchtown Avenue
Goshen, New York 10924

Attention: George Smith, Esq.

RE:    Henke vs. McGuire
       Supreme Court, County of Greene(727/17)
       Chapter 7, Case No. 17-35238

Dear Mr. Smith:

This is in response to your letter of October 20, 2017, wherein you requested that I file an application to reopen the Chapter 7 case of Daniel Henke and seek to retain your firm as special counsel to the Chapter 7 Trustee to continue the legal malpractice action commenced by the debtor in Supreme Court, State of New York, County of Greene (727/17). For the reasons set forth below I respectfully decline to seek to reopen the Chapter 7 case.

Please note that a motion to reopen a previously closed case is controlled by 11 U.S.C. Section 350 (b) which provides that "A case may be reopened to administer assets, to accord relief to the debtor, of for other cause emanating from "

The debtor has filed the State Court litigation alleging a legal malpractice claim against his State Court Attorney arising out a pre Bankruptcy litigation in which a judgment was entered against the debtor after a multi-day trial. Said malpractice action is clearly property of the bankruptcy estate pursuant to 11 U.S.C § 541 (a). The debtor did not have the legal capacity to commence the current action as his assets are vested in the bankruptcy estate and subject to the jurisdiction of the Bankruptcy Court. Accordingly, the present legal action is property of the debtor's bankruptcy estate and may only be pursued by the Chapter 7 Trustee.

Henke vs. McGuire-November 7, 2017                                    Page 2 of 2

It is important to note that the statutory predicate for reopening is the existence of an asset to be administered, to accord relief to the debtor or for other cause.  The operative controlling language in this matter is "to administer assets" and thus a determination must be made regarding the existence of an asset which would benefit the bankruptcy estate of the debtor. My review indicates no such asset exists.

I have had the opportunity to review the underlying decision of Justice Fischer  in the original State court matter and it appears the Court, an multiple occasions, questioned the credibility of the debtor regarding his testimony therein and that this was a significant factor in decision in which she found against the debtor.

Notwithstanding the merits of the existing complaint an additional over riding issue is the collectability of any judgment which maybe obtained against the defendant in the legal malpractice litigation.

I have had the opportunity to review the assets of said defendant and it appears that he does not maintain malpractice insurance, that his significant assets are jointly owned with his spouse and further that his assets are either wholly or substantially exempt from creditor claims under applicable Federal and New York State Exemption Laws.

Please note that my declination to seek to reopen this matter does not prevent any other party in interest from doing so as it is typically the debtor , though bankruptcy counsel, who would file the appropriate motion to reopen this case to advise the Bankruptcy Court of this previously undisclosed and unscheduled asset. The Bankruptcy Court, at that juncture, would decide to reopen the case or may decline to do so.

Very truly yours,
GENOVA & MALIN


THOMAS GENOVA, ESQ.

cc:     Justice L. Fischer
        U.S.Trustee
        Kenneth J. McGuire, Jr., Esq.
        Thomas Bauer, Esq.
        U.S. Bankruptcy Court, ECF